IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/08
```

CRAIG GROSS,                            :

PETITIONER,                             :

                                                : CIVIL ACTION NUMBER

VS.                                     : 07 Civ. 11298 (RMB)

UNITED STATES OF AMERICA,               :

RESPONDENT.                             :

                                                :

PETITION TO HOLD TITLE 28 U.S.C.,

SECTION 2255 MOTION IN ABEYANCE

Comes Now, Craig Gross, "Petitioner" in the above captioned action who files this Petition To Hold Title 28 U.S.C., Section 2255 Motion In Abeyance, and in support of that Petition state as follows:

1. The Parties to this filing are Petitioner Craig Gross, pro-se and Respondent United States of America, by Assistant United States Attorney Rhonda L. Jung.

1

2. On April 23, 2007, Petitioner filed a pro-se motion in the United States District Court for the Southern District of New York for collateral relief pursuant to Title 28 United States Code, Section "2255".

3. The Clerk for the United States District Court, Southern District of New York officially docketed the 2255 filing on December 21, 2007.

4. Petitioner filed a pro-se application pursuant to the Federal Rules of Civil Procedures, Rule 15, to amend and supplement the original 2255 motion.

5. On April 2, 2008, United States Magistrate Judge James C. Francis issued an ORDER dismissing the Rule 15 application without prejudice to movant filing a motion to amend with the proposed amended 2255 motion no later than May 9, 2008. This application follows.

## PRO-SE LITIGATES

Petitioner is presently before the court seeking redress of Constitutional violations of his rights. Title 28 United States Code, Section "2255" is the correct vehicle to present such a claim. In presenting a pro-se claim the United States Supreme Court has declared that "a pro-se complaint must be held to less stringent standards than formal pleading drafted by lawyers". **HAINES V. KERNER,** 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct. 594,

rehearing denied at 405 U.S. 948, 30 L.Ed 2d 819, 92 S.Ct. 963, also see **DESTEFANO V. CORROZI NORTH AMERICA,** 286 F. 3d 80 (2d Cir.). The **HAINES** Court further enumerated that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the movant can prove no set of facts in support of his claim which would entitle him to relief. Lastly, the **HAINES** Court held that a pro-se litigate is entitled to an opportunity to offer proof of his pro-se allegations. See also **DELL ORFAWO V. ROMANO,** 962 F.2d 203 (2d Cir).

A fair opportunity to offer proof of Petitioners Constitutional rights violation must be afforded by the Court. As a pro-se litigate Petitioner has limited access to the Courts via United States mail, cannot purchase stamps more than one day per week at a total of sixty .41 stamps and has limited access to the institutional law library. Surely an extension in which to file a Rule 15 Supplement of 60 days is not unreasonable.

## FEDERAL RULES OF CIVIL PROCEDURES,
## RULE 15 SUPPLEMENTS AND AMENDMENTS

A habeas petitioner, like any civil litigate, is entitled to amend his or her petition, See **ZARVELA V. ARTUZ,** 254 F. 3d 374, 382 (2d Cir. 2001). Petitioners request for an extension of sixty days is not a dilatory

3

tactic, unfairly prejudicial to the Respondent or otherwise abusive and leave to amend should be freely granted. See **FOMAN V. DAVIS, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed 2d 222 (1962).** Moreover, Rule 15 application promotes consideration of a party's claims on the merit, See **FAMA V. COMM'R OF CORR. SERVS., 235 F.3d 804, 808 (2d Cir. 2000).**

## CONCLUSION

Petitioner is only permitted one completed Title 28 United States Code, Section 2255 filing. A sixty day extension to amend and supplement the one opportunity for collateral relief Petitioner has is not unreasonable. The Court can very well afford the Respondent a equal opportunity to respond. None of the parties would be prejudiced by such a delay.

Wherefore, Petitioner moves this Honorable Court to cause to issue an ORDER granting the following relief and or any other relief deemed consistent with:

(A)  The Petitioner be granted 60 days from the date of the ORDER, to file a completed amended/supplemented T.28 U.S.C.,

   Section 2255 filing; OR

(B)  Petitioners Title 28 U.S.C., Section 2255 motion be held in

   ABEYANCE pending appeal of the United States Magistrates

Order Memo at Docket Number 4.

Respectfully Submitted,

Craig Gross

Reg. No. 54097-054

FCI Milan

Federal Correctional Institution

P.O. Box 1000

Milan, MI 48160

6/24/08

Petitioner's time to amend his petition is extended to July 31, 2008. In all other respects, his application is denied. The Government shall reply to the amended petition by August 29, 2008, and petitioner shall submit any reply by September 15, 2008.

SO ORDERED.

James C. Francis IV
USMJ